UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DELROY MCPHERSON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 14-cv-30207-MGM |
| | ) |
| ERIC HOLDER JR., | ) |
| | ) |
| Respondent. | ) |

REPORT AND RECOMMENDATION REGARDING
RESPONDENT'S MOTION TO DISMISS
(Docket No. 12)

ROBERTSON, U.S.M.J.

On December 1, 2014, petitioner Delory McPherson, an immigration detainee currently confined at the Franklin County Jail and House of Correction in Greenfield, Massachusetts, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, naming U.S. Attorney General Eric Holder as respondent. Petitioner states he is in custody pursuant to section 241(a)(6) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a)(6), and seeks immediate release from custody under *Zadvydas v. Davis*, 533 U.S. 678 (2011). He is self-represented.[1]

At the time of filing, petitioner was held at a detention facility in Alabama. On January 16, 2015, respondent, through the U.S. Attorney's Office of the District of Massachusetts, moved to dismiss the petition for a lack of subject matter jurisdiction because, at that time of filing, petitioner was detained at the Etowah County Detention Center in Alabama and jurisdiction over habeas corpus actions lies in the district where the petitioner is detained. That motion was

---

[1] On December 22, 2014, petitioner paid the filing fee required to proceed with this action.

referred to this court on February 13, 2015, for report and recommendation. S*ee* 28 U.S.C.
§ 636(b)(1)(B).

Subsequently, petitioner notified the court that he had been transferred from Alabama to the Franklin County House of Corrections in Greenfield (Docket No. 14). Then, on February 4, 2015, respondent filed a supplemental memorandum in support of his motion to dismiss, setting forth the additional argument that petitioner fails to show no significant likelihood of removal in the reasonably foreseeable future. On February 6, 2015, petitioner filed a response to respondent's motion.[2] For the following reasons, this court recommends that respondent's motion to dismiss be allowed without prejudice to refiling.

I.      Standard of Review

The Federal Rules of Civil Procedure apply to habeas corpus actions. *See* Fed. R. Civ. P. 81(a)(4)(with the exception of any relevant federal statutes and rules contained in the Rules Governing Section 2254 and 2255 Cases); Fed. R. Civ. P. 1101(a), (b). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" *Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "The existence of subject-matter jurisdiction 'is never presumed.'" *Fafel*, 399 F.3d at 410 (quoting *Viqueira v. First Bank*, 140 F.3d 12, 16 (1st Cir. 1998)). Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established." *Id.* "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also* Fed. R. Civ. P. 12(b)(1). In conducting this review, the court liberally construes Plaintiff's complaint because he is self-represented. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

---

[2] Below the signature line on his response, petitioner lists Plymouth County Correctional Facility in Plymouth, Massachusetts as his address. Although he has not filed formal notice of change of address with the court, the court infers that petitioner has been moved from the Greenfield facility.

To determine whether a complaint or, in this case, petition, sufficiently states a claim for relief, the court accepts as true the well-pleaded allegations in the petition and draws reasonable inference in petitioner's favor. *See Martino v. Forward Air, Inc.*, 609 F.3d 1, 2 (1st Cir. 2010). Dismissal is only appropriate if the petition, so viewed, fails to support a "'plausible entitlement to relief.'" *Rodriguez-Ortiz v. Margo Caribe, Inc.*, 490 F.3d 92, 95 (1st Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007)).

II. Discussion

A. Subject Matter Jurisdiction

Respondent first argues that the petition is subject to dismissal for lack of subject matter jurisdiction because the petitioner's location at the time of filing governs this matter and the petition should therefore have been filed in Alabama, not Massachusetts. In his response, petitioner does not address this jurisdictional challenge.

In determining whether this court has jurisdiction over a habeas corpus petition, it first must determine the proper respondent to the petition and, second, whether the court has jurisdiction over that respondent. *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004). "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Id.* at 434 (quoting 28 U.S.C. § 2242; citing 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained")); *see Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000) ("immediate custodian" is proper respondent in habeas action filed by immigration detainee). In other words, the proper respondent is the "the individual having day-to-day control over the facility in which [petitioner] is being detained." *Vasquez*, 233 F.3d at 696; *see Rumsfeld*, 542 U.S. at 439 ("[T]he immediate custodian, not a supervisory official who exercises legal control, is the proper

respondent.").

In this case, regardless of where petitioner was detained at the time of filing, under First Circuit jurisprudence, Attorney General Eric Holder does not have day-to-day control over the facility where the petitioner is held. Thus, petitioner has not named the proper respondent, and on this basis alone, the petition may be dismissed without prejudice to its refiling with the correct respondent.

With respect to the second prong in determining subject matter jurisdiction, "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" 28 U.S.C. § 2241(a). The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *See Rumsfeld*, 542 U.S. at 442 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 495 (1973)). This court does not have jurisdiction over Attorney General Eric Holder and, therefore, cannot exercise jurisdiction over the petition. *See Rumsfeld*, 542 U.S. at 442 (concluding that Southern District of New York did not have jurisdiction over Commander Marr and therefore did not have jurisdiction over Padilla's habeas petition).

To be sure, the petition did explain why petitioner elected to file in Massachusetts while he was detained in Alabama. Petitioner alleged that because he was detained in Greenfield for about one year prior to being moved to Alabama and because underlying, relevant events, including his removal proceedings, took place in Greenfield, jurisdiction was more appropriate in Massachusetts. Such reasons, however, cannot surmount the clearly established law on this issue. Moreover, to the extent that petitioner's situation could be considered a limited exception to the rule, the Supreme Court has recognized only that, "when the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court

4

[where the petition was filed] retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld*, 542 U.S. at 441. That is not the case here. Accordingly, it is this court's recommendation that the petition be dismissed without prejudice on the grounds that the court lacks jurisdiction over the petition at this time.

    B. <u>Substantial Likelihood of Removal</u>

In addition to the recommendation above, the court will address respondent's second argument. As will become evident, even if petitioner had identified the proper respondent, in the court's view, dismissal of his petition for immediate release is proper at this time.

Respondent also argues that the petition should be dismissed, in essence, on its merits. Specifically, respondent argues that petitioner fails to meet his burden under *Zadvydas* of showing "no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701. Attached to respondent's supplemental memorandum is a declaration by Aldean R. Beaumont ("Beaumont"), an assistant field office director at the Hartford, Connecticut, United States Immigration and Customs Enforcement ("ICE") Office, which petitioner has not contested.[3] Beaumont states that execution of petitioner's removal order "is not presently possible as a result of the government of Jamaica's reluctance to issue the necessary removal travel authorizations ("travel documents") while [petitioner's] August 19, 2014, request to the Second Circuit Court of Appeals for a stay of removal and petition for judicial review of his removal order remain pending. *McPherson v. Holder*, No. 14-2519 (2d Cir. filed Jul. 24, 2014)." Beaumont expects that the Jamaican government will issue the necessary

---

[3] "Ordinarily, a court may not consider any documents that are outside of the complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). An exception exists, however, "for documents the authenticity of which are not disputed by the parties." *Id.* (internal quotation marks omitted).

5

documents once the judicial review is concluded and the present "forbearance stay" removed. Simply put, respondent contends that were it not for petitioner's appeal, he would be in the process of deportation or have already been deported.

In his response, petitioner sets forth arguments similar to those in his petition. Specifically, he represents that his order of removal became final on May 28, 2014, the six-month presumptively reasonable period of detention under *Zadvydas* expired on November 24, 2014, and he remains in custody with no reasonable likelihood of removal. Petitioner, however, also indicates that he has "signed for travel documents," participated in an "interview with the Jamaica Consulate on or about June 8, 2014," and most recently spoke with the consulate on December 11, 2014. Also according to petitioner, on December 4, 2014, the ICE Headquarters Case Management Unit ("HQCMU") issued a decision to continue his detention on the grounds that due to his pending appeal, ICE is unable to move forward with his removal.

Section 1231 of Title 8 of the United States Code governs the detention of aliens subject to final orders of removal. *Cf.* INA § 236, 8 U.S.C. § 1226 (governing arrest, detention, and release of immigration detainees in removal proceedings). Section 1231 provides, generally, that the Attorney General shall remove aliens who are subject to a final removal order within 90 days, INA § 241(a)(1)(A), 8 U.S.C. § 1231(a)(1)(A), and that the Attorney General may detain the alien during this "removal period." INA § 241(a)(2), 8 U.S.C. § 1231(a)(2). Section 1231 further provides that if removal is not effected within 90 days, an alien may be released under the supervision of the Attorney General, but that certain classes of aliens, including inadmissible aliens and those convicted of certain crimes, shall continue to be detained even after the 90-day period expires. INA § 241(a)(3),(6), 8 U.S.C. § 1231(a)(3),(6). In the past, INA § 241 set no limit on the length of time beyond the removal period that an alien who falls within one of those

certain classes could be detained. *Zadvydas,* 533 U.S. at 689.

In *Zadvydas,* the Supreme Court held that under the Due Process clause, where an alien has been detained for a post-removal period of six months pursuant to the provisions of 8 U.S.C. § 1231(a)(6) and provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. If a habeas court determines that removal is not "reasonably foreseeable," then it should order the alien released from custody, subject to conditions of supervised release "appropriate in the circumstances." *Id.* at 699-700. In other words, "after six months, if an individual provides good reason to believe that there is no significant likelihood of removal [in the reasonably foreseeable future], the detention is presumptively invalid and a bond hearing is required." *Reid v. Donelan*, 991 F. Supp. 2d 275, 278 (D. Mass. 2014) (internal quotation marks omitted)

In this case, although petitioner has been detained for over six months since his removal order became final in May 2014, respondent represents that once the Second Circuit has completed its review of petitioner's appeal, Jamaica will likely issue the necessary travel authorizations to effectuate removal.[4] Indeed, according to Beaumont, but for the "forbearance stay" presently in effect, removal is significantly likely upon receipt of the authorizations. Petitioner himself acknowledges having signed travel documents and spoken within the Jamaican Consulate on two occasions in preparation for removal. Thus, what appears to be preventing the removal process is a decision on petitioner's challenge to his removal order and in particular his motion for stay of removal. It is reasonably foreseeable then that once the appeal is

---

[4] Upon the court's review of the docket in petitioner's appeal, the Second Circuit's standard "tolling period" was cancelled in early January 2015, and the court appears to have the submissions necessary in order to issue a decision.

7

resolved, if it is resolved in the government's favor, petitioner will be removed to Jamaica. *See, e.g.*, *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (affirming dismissal of petition that failed to "present any facts indicating that the INS [was] incapable of executing [petitioner's] removal to Nigeria and that his detention will, therefore, be of an indefinite nature"); *see also Lawrence v. Gonzales*, 446 F.3d 221, 227 (1st Cir. 2006) (rejecting petitioner's *Zadvydas* claim where removal was imminent and his "continued detention []occurred pursuant to his own procuring of stays incident to his legal challenges to the removal order"); *Tavares Ponta-Garcia v. Byron*, No. 08-30005-MAP (D. Mass. Apr. 25, 2008) (granting respondent's second motion to dismiss where removal was imminent, in light of Second Circuit's summary order denying petitioner's appeal, in part, and dismissing it, in part, and noting ICE's standard procedure of forbearing from deportation until a final mandate is issued by the Second Circuit). Petitioner is therefore unable to show no significant likelihood of removal in the reasonably foreseeable future, and his detention is presumptively valid at this time.

For these reasons, this court further recommends that petitioner's § 2241 petition be dismissed on the basis that he has failed sufficiently to show that his removal will not take place in the reasonably foreseeable future. Because circumstances may change in the petitioner's situation, however, e.g., his motion for stay of removal may be granted[5] or his appeal may

---

[5] If granted, petitioner would arguably be held under INA § 236, not INA § 241, *see Wang v. Ashcroft*, 320 F.3d 130, 147 (2d Cir. 2003) ("[W]here a court issues a stay pending its review of an administrative removal order, the alien [will] be detained under § 236 [of the INA, 8 U.S.C. § 1226,] until the court renders its decision."); INA § 241(a)(1)(B), 8 U.S.C. § 1231(a)(1)(B) (immigration detainee becomes subject to INA § 236 "[i]f the removal order is judicially reviewed and if a court orders a stay of the removal of the [detainee], the date of the court's final order"); *Zaoui v. Horgan*, No. 13-11254, 2013 WL 5615913, at *3 (D. Mass. Aug. 23, 2013) ("[section] 1231 detention will apply absent a stay from the First Circuit"), and may be entitled to certain habeas relief. *See Reid v. Donelan*, 22 F. Supp. 3d 84, 91 (D. Mass. 2014) (requiring class members held for over six months under § 1226(c) to be afforded the same opportunity for a bail hearing available under § 1226(a) and that in order to access relief under § 1226(a), class members bear the burden to request such hearings); *Reid v. Donelan*, 991 F. Supp. 2d at 279-282 (where detainee had been held in custody under § 1226(c) for fourteen months and was actively contesting his final removal order, his continued detention without a bond hearing was presumptively

continue to go unresolved, this court recommends dismissal without prejudice to his filing a new petition.

## Conclusion

Therefore, it is this court's recommendation that Respondent Attorney General Eric Holder's Motion to Dismiss be ALLOWED without prejudice.[6]


DATED: March 4, 2015 /s/ Katherine A. Robertson
KATHERINE A. ROBERTSON
United States Magistrate Judge

---

unreasonable, and the detainee was entitled to a bond hearing before an Immigration Judge or the District Court).

[6] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.